**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LARRY WAYNE JONES,
ADC #70147                                                                                                    PLAINTIFF

v.                                          5:14CV00108-DPM-JTK

OJIUGO IKO, et al.                                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

**I.     Introduction**

Plaintiff Jones, a state inmate proceeding pro se, seeks relief in a civil rights action pursuant to 42 U.S.C. § 1983, and has moved to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 1). Although Plaintiff has submitted a declaration that makes the showing required by § 1915(a), his Motion should be denied.

**II.    Screening/Analysis**

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(a). Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

is under imminent danger of serious physical injury."

Jones has had at least three complaints dismissed for failure to state a claim.[1] He can, however, continue with this action in forma pauperis if he is in imminent danger of serious physical injury. This exception applies only if a threat of imminent danger exists at the time he filed his complaint. Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). In this particular case, Plaintiff claims that during certain periods of time in the past, Defendants failed to provide him with an adequate Vitamin D supplement. (Doc. No. 2.) However, he states that on December 31, 2013, he began receiving the supplement again, at the direction of a non-party nurse practitioner. (Id., p. 16.) Plaintiff also claims Defendants continuously refuse to provide him with a nutritionally-adequate Vegan diet, which has resulted in his Vitamin D deficiency. (Id., pp. 16-17.)

The Court finds Plaintiff does not allege facts to support a finding of imminent danger of serious physical injury, as set forth in the PLRA. He admits being provided with Vitamin D supplements and does not provide sufficient factual information to support a finding that the Vegan diet provided to him has caused him to be in imminent danger of serious harm. Therefore, the Court finds that Plaintiff's allegations do not invoke the imminent danger exception to the three-strikes rule, and that this action should be dismissed without prejudice.

**III.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff Jones' Motion to Proceed in forma pauperis (Doc. No. 1) be DENIED.

2.    Should Plaintiff wish to continue this case, he be required to submit the statutory

---

[1] See Jones v. Stricklin, 5:90-cv-00142-SMR; Jones v. Banks, 5:01-cv-00216-JTR; and Jones v. Hubbard, 5:05cv-00198-JMM.

filing fee of $400.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

    3.    Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 4th day of April, 2014.

                                              _____
                                              JEROME T. KEARNEY
                                              UNITED STATES MAGISTRATE JUDGE